UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY HOUSING AUTHORITY, et al.,<br><br>Defendants. | No. 2:25-cv-02942-DJC-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted a declaration including a statement of income and assets and averring he is unable to pay the costs of this proceeding. The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I. SCREENING

A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

1

1  reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil
2  Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-
3  policies/current-rules-practice-procedure/federal-rules-civil-procedure.

4  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
5  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
6  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
7  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
8  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
9  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in
10 the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
11 Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

12 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
14 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
15 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
16 plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von
17 Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.
18 denied*, 564 U.S. 1037 (2011).

19 The court applies the same rules of construction in determining whether the complaint
20 states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court
21 must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must
22 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
23 less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the
24 court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v.
25 U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of
26 a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
27 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

28 To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

1  state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has
2  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
3  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
4  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
5  to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*
6  *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

      B.    The Complaint

Plaintiff's complaint names three defendants: 1) Stanislaus County Housing Authority ("SHA"); 2) Eric, the "house manager"; and 3) the Modesto Police Department. ECF No. 1 at 2. Plaintiff marks the boxes indicating both federal question and diversity jurisdiction. However, he does not list a federal statute or constitutional provision at issue, and Plaintiff's allegations about diversity jurisdiction appear to indicate that diversity is lacking. *Id*. at 4. For the relief requested portion of the complaint, Plaintiff writes: "Help!". *Id*. at 6.

Plaintiff attaches handwritten pages to his form complaint to describe his statement of claim. Plaintiff alleges he was awoken about 10 p.m. on September 25, 2025, by the "house manager" at the Kansas House. *Id*. at 7. Plaintiff alleges this individual rang his doorbell several times and when the door was opened was angry and disrespectful. *Id.* at 8. Plaintiff claims the house manager then called 911. *Id*. Plaintiff appears to allege that after police arrived, the house manager wanted a trespass issued against Plaintiff's overnight guest. *Id.* at 9-10. Plaintiff also appears to allege that on two prior occasions, one being in April 2025, an employee of the SHA had entered his room without his permission while he was sleeping. *Id.* at 12-13.

      C.    Analysis

The complaint does not sufficiently plead a basis for federal jurisdiction. Plaintiff does not have a claims/causes of action portion of his complaint, and no federal claim is clearly alleged. Plaintiff does not sufficiently allege diversity of citizenship jurisdiction. Plaintiff does not plead an amount in controversy, and he alleges that all the parties are residents of California. Plaintiff and all Defendants must be citizens of different states for diversity jurisdiction. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete

3

diversity of citizenship" where "the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

Additionally, the complaint does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement showing that Plaintiff is entitled to relief. The exact nature of Plaintiff's claims is unclear from the complaint. It appears that Plaintiff alleges a house manager at the Kansas House believed Plaintiff was violating a policy on overnight guests and called the police. When the police arrived, they prepared a trespass form, but Plaintiff's guest refused to sign. ECF No. 1 at 10. The house manager wanted the guest to leave, and he left. *Id*. at 11. Plaintiff does not allege how these actions violated his rights under federal law. There is a brief conclusory mention in the complaint of "prejudice" and "discrimination" and although Plaintiff does not plead his race or clearly allege racial discrimination, there is mention that "he my guess [sic] also is colored". *Id*. at 10. So it may be that Plaintiff intended to allege these incidents were motivated by racial discrimination.

If Plaintiff intends to assert a claim under § 1983, he must describe the constitutional or federal statutory right allegedly infringed. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Additionally, to the extent Plaintiff makes a § 1983 claim against the police department, rather than against an individual officer, he must allege a custom, policy, or practice that caused the alleged violation of his rights. A local governmental unit or municipality is only liable under § 1983 if a policy, custom, or practice caused the particular constitutional violation at issue. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) ("[M]unicipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'").

The Court finds the complaint does not establish this court's jurisdiction, does not comply

with Rule 8, and fails to state a claim on which relief may be granted.  Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar*, 698 F.3d at 1212.  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of <u>each</u> named defendant rather than making conclusory allegations that the defendants collectively violated plaintiff's rights.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. It must plead a basis for federal subject matter jurisdiction. Plaintiff must also allege enough factual content in support of his claims to state a claim to relief that is plausible on its face.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: December 17, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE